UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA A. STRINGER, Jr., Petitioner, v. RAUL MORALES, Acting Warden, et al., Respondent. | Case No.: 24-cv-1234-JO-BJW<br>**REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br>**[ECF No. 31]** |

Before the Court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus. ECF No. 31. After Respondent filed the Motion, Petitioner filed a First Amended Petition and an opposition to the Motion. ECF Nos. 32-33. The Court submits this Report and Recommendation to United States District Judge Jinsook Ohta pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1.e. Having reviewed the parties' filings, the Court **RECOMMENDS** that the District Court: (1) **DENY AS MOOT** Respondent's Motion to dismiss to the extent it challenges Ground One of the superseded Original Petition; (2) **GRANT** the Motion **IN PART** as to claims seeking relief solely from Petitioner's reversed convictions under California Penal Code section 209, subdivision (a); and (3) **OTHERWISE DENY** the Motion **WITHOUT PREJUDICE**.

//

## I. PRIOR STATE COURT PROCEEDINGS

A San Diego County Superior Court jury convicted Petitioner Ira Alexander Stringer ("Petitioner" or "Stringer") of two counts of aggravated kidnapping to commit extortion or exact money or property from another person (Cal. Penal Code § 209, subd. (a); counts 1 and 2); three counts of aggravated kidnapping to facilitate carjacking (§ 209.5; counts 5, 6, and 15); two counts of simple kidnapping (§ 207, subd. (a); counts 9 and 10); two counts of assault with a firearm (§ 245, subd. (a)(2); counts 11 and 12); one count of child endangerment (§ 273a, subd. (a); count 13); two counts of felony possession of a firearm (§ 29800, subd. (a)(1); counts 14 and 19); and one count of robbery (§ 211; count 18). The trial court sentenced Petitioner to an aggregate term of life without the possibility of parole, plus 87 years to life. *People v. Stringer*, 41 Cal. App. 5th 974, 979–80 (2019).

Petitioner appealed and challenged the extortion instruction, the sufficiency of the evidence, the effectiveness of trial counsel, and the denial of his request for self-representation. *Id.* at 979–80. The California Court of Appeal, Fourth Appellate District, Division One, reversed Counts 1 and 2 because the trial court's definition of "extortion" constituted prejudicial instructional error. *Id.* at 992–93. The Court of Appeal also reversed Counts 9 and 10—Petitioner's simple-kidnapping convictions—because they were lesser included offenses of the kidnapping-to-facilitate-carjacking convictions. *Id.* at 993. The Court of Appeal affirmed the judgment in all other respects, vacated the sentence, and remanded the matter for the People to elect whether to retry Counts 1 and 2 or, if the People declined retrial, for resentencing. *Id.* Petitioner's petition for review was denied by the California Supreme Court in 2020. ECF No. 31 at 2.

On remand, the People elected not to retry Petitioner on Counts 1 and 2. *People v. Stringer*, No. D079595, 2023 WL 3087498, at *1 (Cal. Ct. App. Apr. 26, 2023). The trial court denied Petitioner's Motion to Strike his prior two strike convictions pursuant to *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996), and resentenced Petitioner on October 8, 2021, to an aggregate term of 75 years to life plus 42 years. *Id.*; ECF No. 31 at 3. Petitioner appealed, challenging the denial of his motion and identifying clerical errors

in the abstract of judgment. *Stringer*, 2023 WL 3087498, at *1. The Court of Appeal affirmed the judgment and directed the trial court to correct the abstract of judgment to conform to the oral pronouncement of sentence. *Id*.

In June 2024, Petitioner filed a state habeas petition in San Diego County Superior Court, Case No. HC26955. Petitioner identifies the claims raised as ineffective assistance of trial and appellate counsel, judicial misconduct, and failure to give clarifying jury instructions concerning section 209, subdivision (a). The Superior Court denied the petition on August 22, 2024. ECF No. 32 at 3.

## II. FEDERAL PROCEDURAL BACKGROUND

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Original Petition") on July 15, 2024. ECF No. 1. The Original Petition asserted three grounds for relief. In Ground One, Petitioner alleged that his Sixth and Fourteenth Amendment rights were violated by erroneous jury instructions concerning extortion and alleged disparities in the treatment of witnesses. *Id.* In Ground Two, Petitioner asserted ineffective-assistance-of-counsel claims, alleging that trial counsel failed to adequately clarify the extortion instruction and use Petitioner's notes to impeach witness credibility, and that appellate counsel failed to raise those matters on appeal. *Id.* In Ground Three, Petitioner alleged that: (1) the California Court of Appeal's use of the *Jackson v. Virginia* "beyond a reasonable doubt" sufficiency-of-the-evidence standard was objectively unreasonable; (2) the appellate court contradicted its asserted de novo review; (3) affirmance of the evidence's sufficiency violated the Fourteenth Amendment; and (4) the trial judge failed to restrain prosecutorial "vitriol" and, along with the prosecutor, knowingly relied on allegedly misleading or incomplete witness testimony to support the California Penal Code section 209 charges. *Id.*

Concurrently with the Original Petition, Petitioner moved for a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), to exhaust in state court claims concerning the extortion instruction. ECF No. 4. The Court granted Petitioner leave to proceed in forma pauperis. ECF No. 7. On February 10, 2025, U.S. District Judge Jinsook Ohta denied the

stay request. ECF No. 18. The Court concluded that the identified unexhausted claims arose from alleged instructional error related to Petitioner's extortion convictions, which the California Court of Appeal had already reversed in full, and that the claims were therefore moot and not potentially meritorious under *Rhines*. *Id.*

On September 24, 2025, the Court ordered Respondent to file either an answer or a motion to dismiss the Original Petition. ECF No. 20. Following extensions of time, Respondent filed the pending Motion to Dismiss on January 16, 2026. ECF No. 31. Respondent argues that portions of Ground One of the Original Petition are illegible and that Grounds Two and Three are moot to the extent they seek relief from the extortion-related convictions reversed on direct appeal. *Id.*

On February 17, 2026, Petitioner filed a First Amended Petition ("FAP"), which was entered on February 23, 2026. ECF No. 32. The FAP supersedes the Original Petition and is therefore the operative pleading. Although Respondent's Motion addresses only the Original Petition, and although certain portions of the FAP are difficult to decipher, the Court liberally construes the FAP and summarizes the claims it reasonably presents as follows. The FAP does not assert Ground Two as an independent ground for relief; instead, Petitioner states that the allegations underlying that claim are incorporated into Ground One. *Id.* Liberally construed, Ground One alleges that trial counsel provided ineffective assistance by failing to investigate and present assertedly favorable evidence and witnesses, adequately understand and litigate the elements of extortion, request clarifying jury instructions, and impeach alleged inconsistencies between the victims' grand-jury and trial testimony. *Id.* Ground One further alleges that the prosecution misstated the law and evidence concerning extortion, relied on allegedly false or inconsistent testimony, and secured an improper extortion instruction, while the trial court failed to correct those asserted errors. *Id.* Ground Three challenges the state appellate court's affirmance of the sufficiency of the evidence as an unreasonable application of *Jackson v. Virginia* and the Due Process Clause, principally on Petitioner's theory that the evidence did not establish the "coerced consent" and property-demand components he contends were required to

support the kidnapping-for-extortion charges under California Penal Code section 209(a). *Id*. Petitioner further asserts that the appellate court's review improperly relied on assumptions rather than the trial record, conflicted with its stated de novo review, and failed to account for the allegedly erroneous extortion instruction, asserted prosecutorial misconduct, and alleged discrepancies in the victims' testimony. *Id*. On February 23, 2026, Petitioner filed an opposition to the Motion, which was entered on March 2, 2026. ECF No. 33. Petitioner also moved for leave to file excess pages, which the Court found as moot in a separate order. ECF Nos. 34, 35.

## III. LEGAL STANDARD

Federal courts may adjudicate only live cases or controversies. U.S. Const. art. III, § 2. "Mootness is jurisdictional." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (citing *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000)). Accordingly, throughout the litigation, a habeas petitioner must suffer, "or be threatened with, an actual injury that traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

The redressability inquiry in a habeas action is informed by the nature of habeas relief. "[T]he traditional function of the writ is to secure release from illegal custody," although federal courts retain flexibility to fashion habeas relief as law and justice require. *Burnett*, 432 F.3d at 999 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), and *Sanders v. Ratelle*, 21 F.3d 1446, 1461 (9th Cir. 1994)). A case is moot only where no effective relief for the alleged violation can be granted. *Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1065–66 (9th Cir. 2002). Accordingly, a habeas claim is moot where the Court could not grant effective habeas relief even if the petitioner established the asserted constitutional violation. *See Burnett*, 432 F.3d at 999–1001.

An amended pleading generally supersedes the original pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, after a petitioner files an amended petition, the amended petition ordinarily becomes the operative pleading, and a motion directed solely to allegations in a superseded petition may be denied as moot. See *id*. But amendment does

not necessarily moot a pending motion to dismiss. A court may consider the motion to the extent the amended pleading retains the claims, theories, or alleged deficiencies challenged in the original pleading and the amendment does not materially alter the issues presented. See *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715–16 (9th Cir. 2020) (holding that an amended complaint did not require a new answer where the amendment did not alter the defendant's previous admissions or denials); *Meister v. Fling Enter. Prevost LLC*, No. CV-24-02943-PHX-JJT, 2025 WL 896465, at *2 (D. Ariz. Mar. 24, 2025) (declining to deny a pending motion to dismiss as moot where the amended complaint remained substantially identical to the original complaint and suffered from the same asserted deficiencies).

## IV. DISCUSSION

### A. The Motion Is Moot as to Ground One of the Original Petition

Respondent argues that Ground One of the Original Petition should be dismissed because portions of that filing are illegible or difficult to read. ECF No. 31 at 5–6. After Respondent filed the Motion, Petitioner filed a First Amended Petition ("FAP"). ECF No. 32. The FAP replaces the Original Petition and is now the operative petition. See *Ferdik,* 963 F.2d at 1262. Liberally construed, the FAP's Ground One presents allegations concerning ineffective assistance of trial counsel, the extortion instruction, alleged prosecutorial misconduct, and the trial court's handling of those matters. ECF No. 32.

Because Respondent's legibility argument concerns Ground One as pleaded in the Original Petition, which has been replaced by the FAP, the Court **RECOMMENDS** that the District Court **DENY AS MOOT** that portion of the Motion. This recommendation does not decide whether Petitioner is entitled to relief on Ground One as pleaded in the FAP, or whether that claim is timely, exhausted, or otherwise properly before the Court.

//

//

//

**B. Claims Seeking Relief Solely From Petitioner's Reversed Section 209(a) Convictions Are Moot**

Respondent argues that Grounds Two and Three are moot because they concern Petitioner's extortion-related convictions, which the California Court of Appeal reversed on direct appeal. ECF No. 31 at 4-5. Petitioner agrees that Grounds Two and Three "may be moot," but argues that the facts in those grounds are relevant to Ground One. ECF No. 33 at 9-10.

The California Court of Appeal reversed Counts 1 and 2, Petitioner's convictions for aggravated kidnapping to commit extortion or exact money or property from another person under California Penal Code section 209, subdivision (a). The Court of Appeal concluded that the jury received an erroneous instruction defining extortion. *Stringer*, 41 Cal. App. 5th at 992–93. On remand, the People elected not to retry Petitioner on Counts 1 and 2. *Stringer*, 2023 WL 3087498, at *1. Petitioner is therefore not in custody on Counts 1 and 2.

To the extent Grounds Two and Three seek habeas relief solely from Counts 1 and 2, those claims are moot. Petitioner has already obtained reversal of those convictions, and the People elected not to retry him on those counts. Thus, even if Petitioner proved the constitutional violations he alleges, this Court could not give him further habeas relief on Counts 1 and 2. *See Burnett*, 432 F.3d at 999–1001; *Neighbors*, 303 F.3d at 1065–66.

This conclusion is consistent with the Court's prior order denying Petitioner's request for a stay and abeyance. Judge Ohta concluded that the claims Petitioner identified as unexhausted concerned instructional error related to the extortion convictions. Because the Court of Appeal had already reversed those convictions, the Court concluded that no effective relief remained available and denied the stay request. ECF No. 18; *see also Kirvin v. California,* No. 16-cv-3387AG (SS), 2017 WL 11829698, at *2 (C.D. Cal. Aug. 10, 2017).

Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion **IN PART** as to claims in Grounds Two and Three seeking habeas relief solely

from Counts 1 and 2. This recommendation does not determine whether factual allegations included in those grounds may be relevant to Ground One of the FAP, Petitioner's remaining convictions, or his current sentence.

**C. The Remaining Aspects of the Motion Should Be Denied Without Prejudice**

The FAP is the operative petition. ECF No. 32. Respondent filed the Motion before Petitioner filed the FAP, and the Motion addresses the Original Petition. ECF No. 31. Except for Respondent's challenge to Ground One as pleaded in the superseded Original Petition and claims seeking relief solely from Petitioner's reversed convictions under California Penal Code section 209, subdivision (a), the Motion does not substantively address the operative FAP.

Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the Motion **WITHOUT PREJUDICE** in all other respects.

## V. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the District Judge issue an Order:

1. **DENYING AS MOOT** Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus, ECF No. 31, to the extent it challenges Ground One of the superseded Original Petition;

2. **GRANTING the Motion IN PART** as to claims seeking relief solely from Petitioner's reversed convictions under California Penal Code section 209, subdivision (a); and

3. **OTHERWISE DENYING the Motion WITHOUT PREJUDICE.**

The Court further **RECOMMENDS** that Respondent be ordered to file an answer to the First Amended Petition within 60 days after entry of an order adopting this Report and Recommendation. The answer must address the allegations of the First Amended Petition and include the materials required by Rule 5 of the Rules Governing Section 2254 Cases. Petitioner may file a reply within 30 days after service of Respondent's answer.

**IT IS HEREBY ORDERED** that any party may file and serve specific written objections to this Report and Recommendation no later than **August 28, 2026**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any party may, but is not required to, file and serve a response to another party's objections no later than September 11, 2026. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: August 14, 2026

Hon. Brian J. White
United States Magistrate Judge